NO.
12-06-00182-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

DEWEY CALVIN WELLS,  §          APPEAL
FROM THE FIRST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SAN
AUGUSTINE COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Dewey Calvin
Wells appeals his conviction for indecency with a child, for which he was
sentenced to imprisonment for twenty years and a ten thousand dollar fine.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  Thereafter,
Appellant filed a pro se brief.  We
affirm.

Background

            Appellant
was charged by indictment with aggravated sexual assault and pleaded “not
guilty.”  The matter proceeded to jury
trial.  Following the presentation of
evidence, the jury found Appellant “guilty” of indecency with a child and
sentenced him to imprisonment for twenty years and a ten thousand  dollar fine. 
This appeal followed.

 

Analysis
Pursuant to Anders v. California








            Appellant’s
counsel filed a brief in compliance with Anders v. California and
Gainous v. State. 
Appellant’s counsel states that she has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  She further relates that she is well
acquainted with the facts in this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant’s
Anders brief presents a chronological summation of the procedural
history of the case and further states that Appellant’s counsel is unable to
raise any arguable issues for appeal. 

            Thereafter,
Appellant filed a pro se brief in which he raised the following issues:[1]


 

                1.             The trial court improperly denied
his motion to suppress his written statement inasmuch as Appellant had not been
advised of his Miranda[2] rights;

 

                2.             The amount of the pretrial bond was
excessive;

 

                3.             Appellant’s right to a speedy trial
was violated;

 

                4.             Appellant’s pretrial confinement
amounted to cruel and unusual punishment;

 

                5.             The trial court improperly
instructed the jury in its charge with regard to the law and when Appellant
would be eligible for parole;

 

                6.             Testimony admitted during the
punishment phase of trial was illegal and/or tainted;

 

                7.             There was conclusive evidence
concerning an affirmative defense to indecency with a child;

                                

                8.             Appellant’s trial counsel
provided  ineffective assistance;

 

                9.             The prosecution engaged in improper
jury argument; and 

 

                10.          The prosecution wrongfully withheld
evidence to which Appellant was entitled.

 

We have reviewed the record for reversible error and have
found none.  See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits.  Having done so and having
found no reversible error, Appellant’s counsel’s motion for leave to withdraw
is hereby granted and the trial court’s judgment is affirmed.

Opinion delivered May 2, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1]
We have liberally construed Appellant’s issues in the interest of justice.





[2] See Miranda v. Arizona, 384 U.S.
436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966).